# EXHIBIT A

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

JIM BONFIGLIO CAMPAIGN, and
JIM BONFIGLIO, individually as an
elector of House District 89

                                              CASE NO.:

                     Plaintiff,

vs.

KEN DETZNER, in his official
capacity as Florida Secretary of State,
and the PALM BEACH COUNTY
CANVASSING BOARD, and SUSAN
M. BUCHER, in her official capacity
as Palm Beach County Supervisor of
Elections,

                     Defendants.

_____/

## AMENDED VERIFIED COMPLAINT FOR EMERGENCY DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, the JIM BONFIGLIO CAMPAIGN and JIM BONFIGLIO (collectively "BONFIGLIO"), pursuant to Rule 1.610, Florida Rules of Civil Procedure, sues Defendants, KEN DETZNER, Florida Secretary of State ("DETZNER"), the PALM BEACH COUNTY CANVASSING BOARD (the "BOARD"), and SUSAN M. BUCHER, Supervisor of Elections, Palm Beach County, Florida (the "SOE"), and requests this Court to enter its order granting immediate injunctive relief extending the reporting deadlines as set forth in Florida Statute §102.141 and §102.112, and further ordering that the Palm Beach County Supervisor of Elections shall begin the machine and manual recounts in

the Florida House District 89 race ("HD89")  immediately, and upon information and

belief as to the affiants and declarants referenced herein, as follows:

## NATURE OF ACTION

1)   This is an emergency action for injunctive relief pursuant to Rule 1.610, Florida

Rules of Civil Procedure, to compel Defendants to take such steps as are necessary

to allow Florida Electors within Palm Beach County, and more specifically, HD89,

a meaningful opportunity to have their votes properly counted in the November

6, 2018 election as guaranteed by the United States and Florida Constitutions, and

to allow BONFIGLIO access to his rights otherwise guaranteed by Florida Statute.

Such relief is necessary in light of the following:

a)   On November 6, 2018 a General Election was held in Palm Beach County,

Florida in which approximately 600,000 electors cast their ballots to vote for

their representative choices.  The ballot included races for the office of United

States Senator, Florida Governor, Florida Commissioner of Agriculture and

Consumer Services, Florida State House Representative for District 89, among

others.

b)   The BOARD certified its first unofficial vote count in the HD89 race on

Saturday November 10, 2018. Of the total number of votes cast in the

November 6, 2018 general election, the first certified unofficial vote count

reflects that 81,394 electors from HD89 cast their vote and that BONFIGLIO is losing to his opponent by a mere thirty-seven (37) votes. This is well within the % 0.25 margin for a manual recount and the margin is not expected to change much, if at all, after the machine recount. This is also such a razor-thin margin between the two candidates, that it is extremely possible that the lead could change after a recount and the will of the voters be actually determined.

c) On or about 1:50 pm on November 10, 2018, DETZNER ordered a machine recount be conducted in Palm Beach County for the office of State House of Representative, District 89, on the 2018 General Election Ballot. Notice was sent to BONFIGLIO via email, along with DETZNER's order, a copy of which is attached hereto as Exhibit "A." Along with the HD89 recount, DETZNER also ordered machine recounts in the United States Senate race, the Florida Gubernatorial race, and the race for Florida Commissioner of Agriculture and Consumer Services.

d) The BOARD decided to recount the races in the order they appear on the ballot placing the HD89 recount last making it the least likely to be recounted by the deadlines set forth in Fla. Stat. §102.141, manually recounted by the procedures set forth in Fla. Stat. §102.166 which require the over and undervotes be separated out by the machine recount in Fla. Stat. §102.141, and making it

impossible for the BOARD to certify the returns by the deadline mandated in Fla. Stat. §102.112. Upon information and belief, the SOE has made clear that it is not just impracticable but is expected to be impossible for the SOE to complete all four recounts by the reporting mandate contained in Fla. Stat. §102.141.

e) The BOARDS inability to timely certify the results of the impending manual recount pursuant to Fla. Stat. §102.166 guarantees that BONFIGLIO will be certified to lose the election, depriving him as a candidate to a full and fair election, and depriving the voters of HD89 their right to have their votes fully and accurately counted.

2) The BOARD, by way of its decision to count the HD89 last, has determinatively eliminated the chance for the electors of HD89 to have their votes verified, and correctly and completely counted unless this Court grants injunctive relief and orders DETZNER to extend the reporting deadlines for both machine and manual recounts as set forth in Fla. Stat. §§102.141 and 102.166 respectively, until such time as the SOE is able to complete the machine and manual recounts for the HD89 race.

3) Alternatively, HD89 is the only race to be recounted with the totality of electors casting their ballots in that race being contained solely and completely within the boundary of Palm Beach County, Florida.  Because of this, the BOARD and SOE

abused its discretion in placing the recount for this race last. The SOE's first obligation are to the electors of Palm Beach County. Because the constituents of HD89 are solely found within Palm Beach County, coupled with the fact that this race is the only race which could have been, and still might be able to be completed by the manual recount reporting deadline as set forth in Fla. Stat §102.166, the SOE and BOARD abused their discretion in not voting to recount the HD89 race first. Accordingly, the vote by the BOARD disenfranchises the voters of HD89 and this Court should order that the other statewide race recounts be immediately halted and the HD89 race be placed into machine recount to separate the over and under votes to be manually recounted thereafter.

## PARTIES

4) JIM BONFIGLIO is an elector of HD89 and a duly qualified candidate of the Democratic Party for Florida State House Representative, District 89. He brings this suit in both capacities.

5) The BONFIGLIO CAMPAIGN is the official campaign to elect Jim Bonfiglio for Florida State House Representative for District 89.

6) KEN DETZNER is the Florida Secretary of State. As Secretary of State, pursuant to Fla. Stat. §97.012, he is also the Chief Election Officer for the State of Florida. It is his responsibility, in part, to provide written direction and opinions to the

supervisors of elections on the performance of their official duties with respect to eh Florida Election Code or rules adopted by the Department of State and to adopt uniform standards of the proper and equitable interpretation and implementation of the requirements of chapters 97 through 102 and 105 of the Election Code.

7)   The PALM BEACH COUNTY CANVASSING BOARD was convened pursuant to Fla. Stat. §102.141. Under Florida Law it oversees the canvassing of ballots from the November 6, 2018 general election conducted in Palm Beach County Florida, as well as the process of any recounts ordered by the Secretary of State.

8)   SUSAN M. BUCHER resides in Palm Beach County and is the elected Supervisor of Elections in Palm Beach County, Florida pursuant to Fla. Stat. §98.015. She is joined in her official capacity as a party to this action.   Under Florida law, Defendant has the duty to conduct the national, state, and local elections for Palm Beach County, including the general election on November 6, 2018, and directs other election officials and personnel including, without limitation, the election boards, inspectors and clerks that conduct voting in the individual polling places of Palm Beach County, Florida. See Fla. Stat. § 98.015. Under Florida law, Defendant is responsible for administering voting within Palm Beach County. See Fla. Stat. § 100.031, § 100.032.

## JURISDICTION AND VENUE

9)      This Court has jurisdiction pursuant to Fla. Stat. § 26.012(2)(c) because this Verified

Emergency Complaint seeks Injunctive Relief for violations of the Florida

Constitution and Florida statutory law.

10)     This Court further has jurisdiction as a court of general jurisdiction, pursuant to

Fla. Stat. §86.011 and Article V., §5 of the Florida Constitution.

11)     Because the Florida Secretary of State is located in Tallahassee, Florida, and

because the Secretary is acting in his capacity as the Chief Elections Officer

pursuant to Fla. Stat. §97.012, venue is proper in Leon County, Florida, in this

Second Judicial Circuit. See Fla. Stat. §47.011.

## FACTS

12)     On November 6, 2018 a General Election was held in Palm Beach County, Florida

in which approximately 600,000 electors cast their ballots to vote for their

representative choices.   The ballot included races for the office of United States

Senator, Florida Governor, Florida Commissioner of Agriculture and Consumer

Services, Florida State House Representative for District 89, among others.

13)     The BOARD certified its first unofficial vote count in the HD89 race on Saturday

November 10, 2018. That vote count reflects that 81,394 electors from HD89 cast

*Verified Comp for Emerg Inj Relief*

their vote and that BONFIGLIO is losing to his opponent by a mere thirty-seven (37) votes.  This is well within the 0.25% margin for a manual recount and the margin is not expected to change much, if at all, after the machine recount.

14)    On or about 1:50 pm on November 10, 2018, DETZNER ordered a machine recount for the office of State House of Representative, District 89, on the 2018 General Election Ballot.  Notice was sent to BONFIGLIO via email, along with DETZNER's order, a copy of which is attached hereto as Exhibit "A."

15)    Along with the HD89 recount, DETZNER also ordered machine recounts in the United States Senate race, the Florida Gubernatorial race, and the race for Florida Commissioner of Agriculture and Consumer Services.  The HD89 race is the closest margin of all the races ordered for recount and therefore the most likely to be affected by the results of the machine and manual recount.

16)    The BOARD reconvened at or around 3:30 pm on November 10, 2018 to announce the recounts and determine the order of recounting of the various races.

17)    At this meeting of the BOARD, a vote was taken in which the BOARD announced the following findings, statements, and decisions:

       (a) It is a unique circumstance where the SOE is ordered to recount multiple races, let along multiple statewide races;

(b) The SOE is only able to mechanically recount **one race at a time** due to their outdated high-speed counting Sequoia c-400 machines;

(c) The equipment being used by the SOE in Palm Beach County has been certified by DETZNER, and upon information and belief, DETZNER is aware of the machines' limitations and still certified them to be used in the 2018 general election;

(d) The SOE has no confidence that they will be able to complete all the machine recounts, let alone the first recount, by the statutory deadline as set forth in Florida Statute 102.141;

(e) The SOE made an initial request to DETZNER to extend the statutory deadline for reporting the machine recount results and that request was denied;

(f) The BOARD was given no direction or guidance by DETZNER on the order in which the recounts should be held, and the laws of this State are silent on such a decision.  The BOARD ultimately looked to Fla. Stat. §101.151 relating to the order of races placed on a ballot to make their decision, as well as the order in which DETZNER's Orders on Conduct of Machine Recount were received by the SOE;

9

(g) Over BONFIGLIO's objection, the BOARD voted to conduct the machine recounts in the order the races appear on the ballot: 1) U.S. Senate; 2) Governor; 3) Commissioner of Agriculture; and 4) HD89;

(h) The recount for the U.S. Senate race began shortly after 5:00 pm thereafter and continues on as of the time of filing this action. Even if the SOE were to complete the machine recount for that race in forty-eight hours, that process would need to occur two more times before even getting to the HD89 recount.

### COUNT I: Request of Injunctive Relief Due to Detzner's Violation of Florida Statute §97.012

18) BONFIGLIO hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1-15 as if fully restated herein.

19) DETZNER has violated Florida Statute §97.012 in as much as he has failed to provide written direction and opinions to the BOARD or to the SOE on matters not otherwise address in law or rule, to wit: the order of which the four recounts should occur.

20) As a result of DETZNER'S dereliction of this statutory duty, both BONFIGLIO and the electors of HD89 are placed in a position to be irreparably harmed without this

Court entering injunctive relief to extend the reporting deadlines as set forth in Fla. Stat. §§102.141 and 102.112

21)     Defendant, DETZNER, by the actions described above has violated Florida Law by depriving Palm Beach County residents of a meaningful opportunity to exercise their right to vote during the November 6, 2018 general election recount for HD89.

22)     BONFIGLIO lacks an adequate remedy at law. Unless the relief requested herein is granted, BONFIGLIO, and more particularly Florida Electors of HD89 in Palm Beach County, will suffer irreparable harm in that the voting rights of eligible, registered voters will be denied.

23)     BONFIGLIO has a clear legal right to the relief sought and requested herein and has a substantial likelihood of success on the merits. Moreover, the granting of the injunctive relief requested herein is in, and will indeed serve, the public interest as well as Florida public policy that all eligible voters be entitled to exercise their Constitutional and statutory rights to vote and participate in the general election.

**Count II: Request for Injunctive Relief Due to the Violation of BONFIGLIO'S right to a recount under Florida Statutes §§102.141 and 102.166**

24)     BONFIGLIO hereby realleges and incorporates by reference each and every allegation contained in Paragraphs 1-15 as if fully restated herein.

11

25)     The BOARD has violated BONFIGLIO'S rights to a machine recount under Fla.

Stat. §102.141, and therefore also to an anticipated manual recount under §102.166,

by ignoring the pure fact that HD89 includes solely electors of Palm Beach County

who's votes they have the responsibility to canvass and protect and placing the

HD89 race in the final recount position; a position where it is impossible for the

actions mandated by those statutes to be completed by the deadlines set forth in

Fla. Stat. §102.112.

26)     The SOE has violated BONFIGLIO'S rights to a machine recount under Fla. Stat.

§102.141, and therefore also to an anticipated manual recount under §102.166, by

ignoring the pure fact that HD89 includes solely electors of Palm Beach County

who's votes they have the responsibility to canvass and protect and placing the

HD89 race in the final recount position; a position where it is impossible for the

actions mandated by those statutes to be completed by the deadlines set forth in

Fla. Stat. §102.112.

27)     DETZNER has violated BONFIGLIO'S rights to a machine recount under Fla. Stat.

§102.141 and therefore also to an anticipated manual recount under §102.166 by

certifying, and allowing to be used, machines which he knows are incapable of

complying with the recount orders he issued on November 10, 2018.  He has

knowingly placed himself in a position where he as Secretary, not the voters in

HD89, gets to decide the outcome of that election, stripping the electors of their vote and right to be heard on this race.  DETZNER'S voluntary refusal to extend the certification deadlines in light of the impossible task before the SOE amounts to clear voter suppression of the electors in HD89.

28) BONFIGLIO lacks an adequate remedy at law. Unless the relief requested herein is granted, BONFIGLIO, and more particularly Florida Electors of HD89 in Palm Beach County, will suffer irreparable harm in that the voting rights of eligible, registered voters will be denied.

29) BONFIGLIO has a clear legal right to the relief sought and requested herein, and has a substantial likelihood of success on the merits. Moreover, the granting of the injunctive relief requested herein is in, and will indeed serve, the public interest as well as Florida public policy that all eligible voters be entitled to exercise their Constitutional and statutory rights to vote and participate in the general election.

### Count III. Request of Injunctive Relief Due to Violations of the U.S. Constitution

30) BONFIGLIO hereby realleges and incorporates by reference each and every allegation contained in Paragraphs 1-15 as if fully restated herein.

31) Defendant, DETZNER, by the actions as described above, have violated the Fifth and Fourteenth Amendments to the U.S. Constitution, by depriving BONFIGLIO

as a candidate for election, and the electors of HD89, a meaningful opportunity to exercise their right to vote during the November 6, 2018 general election.

32)     Furthermore, by DETZNER'S actions above, or rather his lack of action, the BOARD also has Fifth and Fourteenth Amendments to the U.S. Constitution, by depriving BONFIGLIO as a candidate for election, and the electors of HD89, a meaningful opportunity to exercise their right to vote during the November 6, 2018 general election.

33)     BONFIGLIO lacks an adequate remedy at law. Unless the relief requested herein is granted, BONFIGLIO, and more particularly Florida Electors of HD89 in Palm Beach County, will suffer irreparable harm in that the voting rights of eligible, registered voters will be denied.

34)     BONFIGLIO has a clear legal right to the relief sought and requested herein, and has a substantial likelihood of success on the merits. Moreover, the granting of the injunctive relief requested herein is in, and will indeed serve, the public interest as well as Florida public policy that all eligible voters be entitled to exercise their Constitutional and statutory rights to vote and participate in the general election.

**Count IV. Request for Injunctive Releif due to Violations of the Florida Constitution**

35)     BONFIGLIO hereby realleges and incorporates by reference each and every allegation contained in Paragraphs 1-15 as if fully restated herein.

14

36)   Defendant, DETZNER, by the actions as described above, has violated the rights of the electors in HD89 as guaranteed to them under the Florida Constitution, by depriving BONFIGLIO as a candidate for election, and the electors of HD89, a meaningful opportunity to exercise their right to vote during the November 6, 2018 general election.

37)   Furthermore, by DETZNER'S actions above, or rather his lack of action, the BOARD also has also violated the rights of the electors in HD89 as guaranteed to them under the Florida Constitution, by depriving BONFIGLIO as a candidate for election, and the electors of HD89, a meaningful opportunity to exercise their right to vote during the November 6, 2018 general election.

38)   BONFIGLIO lacks an adequate remedy at law. Unless the relief requested herein is granted, BONFIGLIO, and more particularly Florida Electors of HD89 in Palm Beach County, will suffer irreparable harm in that the voting rights of eligible, registered voters will be denied.

39)   BONFIGLIO has a clear legal right to the relief sought and requested herein and has a substantial likelihood of success on the merits. Moreover, the granting of the injunctive relief requested herein is in, and will indeed serve, the public interest as well as Florida public policy that all eligible voters be entitled to exercise their Constitutional and statutory rights to vote and participate in the general election.

## **Count V: Request for Declaratory Judgment**

40)     BONFIGLIO hereby realleges and incorporates by reference each and every

allegation contained in Paragraphs 1-15 and Paragraphs 23-28 as if fully restated

herein.

41)     BONFIGLIO seeks a declaratory judgment that as a candidate for election with a

margin of separation between he and his opponent within 0.5%, he has a legal

right to a machine recount pursuant to Fla. Stat. §102.141.

42)     BONFIGLIO further seeks a declaratory judgment that as a candidate for election

with a margin of separation between he and his opponent within 0.25%, he has a

legal right to a manual recount of the over and under votes pursuant to Fla. Stat.

§102.116.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

    (i)     Enter an immediate injunction:

      (1) ordering and compelling DETZNER to extend the deadline for the BOARD

        to certify election returns as mandated by Fla. Stat. §102.141(7)(c) from the

        machine recount ordered by DETZNER on November 10, 2018 until such

time as the SOE is able to complete each of the four machine recounts ordered;

(2) ordering and compelling DETZNER to extend the deadline for the BOARD to certify the election returns as mandated by Fla. Stat. §102.112 until such time as the manual recount of the over and undervotes separated out during the machine recount pursuant to Fla. Stat. §102.141 is completed;

ii) Enter a second immediate injunction:

(1) ordering and compelling the SOE and the BOARD to immediately cease the machine recount of any statewide race until the HD89 race has been machine recounted.

(2) Ordering and compelling the SOE to immediately proceed to a manual recount of the over and under votes upon completion of the machine recount.

(3) Ordering and compelling DETZNER to accept the county returns pursuant to Fla. Stat. §102.112 (1) after the statutory deadline and not to implement the directive in Fla. Stat. §102.112(3).

iii) Entering an order declaring that:

*Verified Comp for Emerg Inj Relief*

     (1) as a candidate for election with a margin of separation between he and his

        opponent within 0.5%, BONFIGLIO has a legal right to a machine recount

        pursuant to Fla. Stat. §102.141; and

     (2) as a candidate for election with a margin of separation between he and his

        opponent within 0.25%, BONFIGLIO has a legal right to a manual recount

        of the over and under votes pursuant to Fla. Stat. §102.116.

    iv) granting the BONFIGLIO such other relief as may be appropriate and just.

Respectfully submitted this 12th day of November, 2018,

                        **HABER BLANK, LLP**
                        Attorneys for Plaintiffs
                        888 South Andrews Avenue, Suite 201
                        Fort Lauderdale, Florida 33316
                        Telephone: (954) 767-0300
                        Facsimile: (954) 949-0510
                        eservice@haberblank.com

By: _____
                        JASON B. BLANK
                        Florida Bar Number 28826

                        **NEIL W. BLACKMON, Esq.**
                        Co-Counsel for Plaintiffs
                        (352) 672-1150
                        nwblackmon@gmail.com

By: _/s/ Neil W. Blackmon_____.
                      NEIL W. BLACKMON
                      Florida Bar Number 86917

18

## AFFIDAVIT IN SUPPORT OF VERIFIED COMPLAINT

STATE OF FLORIDA              )
COUNTY OF PALM BEACH)

      Pursuant to Fla. Stat. §92.525 which authorizes the verification of a document in place of an oath or affirmation taken or administered by an officer authorized under Fla. Stat. §117.10, Mr. James A. Bonfiglio states the following:

1)    On November 6, 2018 a General Election was held in Palm Beach County, Florida in which approximately 600,000 electors cast their ballots to vote for their representative choices. The ballot included races for the office of United States Senator, Florida Governor, Florida Commissioner of Agriculture and Consumer Services, Florida State House Representative for District 89 ("HD89") of which I am the Democratic candidate for, among others.

2)    The Palm Beach County Canvassing Board (the "Canvassing Board") certified its first unofficial vote count in the HD89 race on Saturday November 10, 2018. That vote count reflects that 81,394 electors from HD89 cast their vote and that I am losing to my opponent by a mere thirty-seven (37) votes. This is well within the 0.25% margin for a manual recount and the margin is not expected to change much, if at all, after the machine recount.

3)    On or about 1:50 pm on November 10, 2018, Secretary of State, Ken Detzner, ordered a machine recount for the office of State House of Representative, District 89, on the 2018 General Election Ballot. Notice was sent to me via email, along with Secretary Detzner's order calling for the machine recount of the HD89 race.

4)    Along with the HD89 recount, Secretary Detzner also ordered machine recounts in the United States Senate race, the Florida Gubernatorial race, and the race for Florida Commissioner of Agriculture and Consumer Services. The HD89 race is the closest margin of all the races ordered for recount and therefore the most likely to be affected by the results of the machine and manual recount.

5)    The Canvassing Board reconvened at or around 3:30 pm on November 10, 2018 to announce the recounts and determine the order of recounting of the various races.

6)    At this meeting of the Canvassing Board, a vote was taken in which they announced the following findings, statements, and decisions:

        (a) It is a unique circumstance where the Supervisor of Elections is ordered to recount multiple races, let along multiple statewide races;

        (b) The Supervisor of Elections is only able to mechanically recount **one race at a time** due to their outdated high-speed counting Sequoia c-400 machines;

(c) The equipment being used by the Supervisor of Elections in Palm Beach County has been certified by Secretary Detzner, and upon information and belief, he is aware of the machines' limitations and still certified them to be used in the 2018 general election;

(d) The Supervisor of Elections has no confidence that they will be able to complete all the machine recounts, let alone the first recount, by the statutory deadline as set forth in Florida Statute 102.141;

(e) The Supervisor of Elections made an initial request to Secretary Detzner to extend the statutory deadline for reporting the machine recount results and that request was denied;

(f) The Canvassing Board was given no direction or guidance by Secretary Detzner on the order in which the recounts should be held, and the laws of this State are silent on such a decision. The Canvassing Board ultimately looked to Fla. Stat. §101.151 relating to the order of races placed on a ballot to make their decision, as well as the order in which Secretary Detzner's Orders on Conduct of Machine Recount were received by the SOE;

(g) Over my objection, the Canvassing Board voted to conduct the machine recounts in the order the races appear on the ballot: 1) U.S. Senate; 2) Governor; 3) Commissioner of Agriculture; and 4) HD89;

(h) The recount for the U.S. Senate race began shortly after 5:00 pm thereafter and continues on as of the time of filing this action. Even if the Supervisor of Elections were to complete the machine recount for that race in forty-eight hours, that process would need to occur two more times before even getting to the HD89 recount.

Pursuant to Fla. Stat. §92.525 which authorizes the verification of a document in place of an oath or affirmation taken or administered by an officer authorized under Fla. Stat. §117.10, under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

_____
James A. Bonfiglio

11/12/2018
November 12, 2018

# SECRETARY OF STATE ORDER
# ON CONDUCT OF MACHINE RECOUNT

Section 102.141(7), Florida Statutes, provides that the Secretary of State is responsible for ordering recounts in federal, state, and multicounty races when the unofficial returns reflect that a candidate for any office was defeated or eliminated by one-half of a percent or less of the votes cast for such office, that a candidate for retention to a judicial office was retained or not retained by one-half of a percent or less of the votes cast on the question of retention, or that a measure appearing on the ballot was approved or rejected by one-half of a percent or less of the votes cast on such measure.

Based upon the above statute and the unofficial returns reported to the Division of Elections for the General Election, State Representative, District 89, held on November 6, 2018, **I hereby order the canvassing board responsible for canvassing the above race to conduct a machine recount of the votes cast in the race in accordance with Section 102.141, Florida Statutes**.

Pursuant to Section 102.141(7)(c), Florida Statutes, the results of the machine recount shall be included in the second set of unofficial returns to be filed with the Division of Elections no later than 3:00 p.m. on November 15, 2018.



**GIVEN** under my hand and the Great Seal of the State of Florida, at Tallahassee, this the 10th day of November, A.D., 2018.

Ken Detzner
Secretary of State

Exhibit "A"