UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JIM BONFIGLIO CAMPAIGN, and
JIM BONFIGLIO, individually as an
Elector of House District 89,

                Plaintiffs,

v.

KEN DETZNER, in his official capacity      CASE NO.: 4:18-cv-00527-MW-CAS
as Florida Secretary of State, and the PALM
BEACH COUNTY CANVASSING
BOARD, and SUSAN M. BUCHER, in her
official capacity as Palm Beach County
Supervisor of Elections,

                Defendants.
_____

**THE RON DESANTIS FOR GOVERNOR CAMPAIGN'S
MOTION TO INTERVENE**

      Pursuant to Federal Rule of Civil Procedure 24 and Local Rule 7.1(L), the Ron DeSantis for Governor Campaign ("DeSantis Campaign") respectfully moves to intervene in support of the Defendants for the limited purpose of ensuring the machine recount of the election for Florida Governor is not delayed.

Background

      On November 6, 2018, voters all across the state of Florida cast ballots to elect (amongst other positions) their next governor. Although the race between Ron DeSantis and Andrew Gillum was hard fought and close, the returns from election night indicate that Mr. DeSantis received a plurality of the votes. The margin between the candidates was less than one half of a percent, though, meaning that a machine recount is required pursuant to Florida law. *See* §102.141(7),

Florida Statutes. That recount is underway as of the filing of this motion. The DeSantis Campaign has made clear that it wishes to see every legally-cast vote counted, so as to ensure that the true will of the people is effectuated.

The three other elections implicated in this case (United States Senate, Florida Commissioner of Agriculture, and the state legislative seat that the Plaintiff sought) all finished with a margin less than one quarter of a percent. Therefore, these races require both mandatory machine and manual recounts. *See* §102.166(1), F.S.. Unless the required machine recount in the gubernatorial election results in the margin dropping below one quarter of a percent, that race will not require a manual recount.

The Plaintiff in this case seeks to stop the recount for the gubernatorial election in its tracks in Palm Beach County and, instead, to proceed to a recount for his state legislative seat. There is no legal support for this request, and it would cause harm to voters both in Palm Beach County and across the state. The DeSantis Campaign seeks to ensure that the machine recount in its race proceeds uninterrupted so that the results can be certified before the statutory deadline. If the Court concludes that further action is necessary in relation to any required manual recounts in other races, then the DeSantis Campaign will not need to be involved in such determinations.

This matter presents an emergency as discussed in Local Rule 7.1(L) for two reasons. First, pursuant to the Court's Order Requiring Expedited Response to Plaintiff's Motion for Preliminary Injunction issued on November 13, 2018, the DeSantis Campaign must file a substantive response to the Plaintiff's amended complaint by 5:00 PM today. Thus, a ruling on the DeSantis Campaign's motion is required more promptly than usual. Second, as previously-stated, the statutory deadlines for certification of the election for governor are rapidly approaching. It is essential that this matter

be resolved as soon as possible in order to ensure that all votes for governor are counted and the new administration may properly transition into office.

## Grounds for Intervention

The DeSantis Campaign moves to intervene as a matter of right. *See* Fed.R.Civ.P. 24(a)(2). In order to so intervene, a party must show that (1) its motion to intervene is timely, (2) it has an interest relating to the "property or transaction which is the subject of the action," (3) the resolution of the case may "impede or impair [the intervenor's] ability to protect that interest"; and (4) that its interest is "represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989). Essentially, if a "would-be intervenor" is "practically disadvantaged by its exclusion from the proceedings," then intervention by right should be granted. Salvors, Inc. v. Unidentified Wrecked and Abandoned Vessel, 861 F.3d 1278, 1295 (11th Cir. 2017).

The DeSantis Campaign meets these requirements. This emergency motion is timely and is being filed not even 24 hours after the Court's Order was entered. There would be no delay or prejudice to any existing party if this emergency motion is granted. The DeSantis Campaign also has a clear interest in this case, as the Plaintiff's requested relief would actively prevent the recount in the campaign for governor from proceeding in one of Florida's major counties. This could delay the certification of this race for an unknown period of time and prevent the recount from being completed within the statutory timeframe. Although the DeSantis Campaign's interest in this case is not identical to that of the Plaintiff or Defendant's, it does not have to be in order to meet this element. *See Chiles,* 865 F.2d. at 1214. For this same reason, the Plaintiff's requested relief would impede the interests of the DeSantis Campaign.

Further, no party has the same interest in the outcome of the campaign for governor that the DeSantis Campaign does. In fact, there is currently no party to this case with any interest specific to the governor's race. The DeSantis campaign, as the party receiving the most votes in that election, is in a unique position that it cannot expect the current parties to advocate for. The showing required to meet this requirement is "minimal" and is met if a party merely shows that the existing parties "may be inadequate" to protect its interest. *Id.* The DeSantis Campaign should be found to have made this showing.

WHEREFORE, the DeSantis Campaign respectfully requests entry of an order granting its leave to intervene, and permitting it to participate in this proceeding.

### Certification of Conferral

Undersigned counsel has conferred with counsel for Plaintiffs regarding this motion and counsel takes no position on the Desantis Campaign's proposed intervention.

### Local Rule 7.1(f) Certification

The undersigned certifies that this motion contains 929 words.

Respectfully submitted,

/s/William Dean Hall, III
DANIEL R. RUSSELL
Florida Bar No. 63445
WILLIAM DEAN HALL, III
Florida Bar No. 67936
MARC W. DUNBAR
Florida Bar No. 8397
JONES WALKER LLP
215 South Monroe Street, Suite 130
Tallahassee, Florida   32301
Telephone:     850.425.7800
E-Mail:        drussell@joneswalker.com
               whall@joneswalker.com
               mdunbar@joneswalker.com
Secondary E-Mail:     mharrell@joneswalker.com
*Attorneys for Ron DeSantis for Governor Campaign*

4

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 14th day of November, 2018, by the Court's CM/ECF noticing system to:

Michael Robert Ufferman
Michael Ufferman Law Firm PA
2022-1 Raymond Diehl Rd
Tallahassee, FL 32308
ufferman@uffermanlaw.com
*Attorney for Plaintiffs*

Erik Matthew Figlio
Ausley Mcmullen
123 S Calhoun Street
Tallahassee, FL 32301
rfiglio@ausley.com
*Attorney for Defendants*

Andy V. Bardos
George Ty Levesque
Grayrobinson PA
301 S Bronough St. Ste. 600
Tallahassee, FL 32301
andy.bardos@gray-robinson.com
*Attorney for National Republican Senatorial Committee*

Jason Brett Torchinsky
Holtzman Vogel Josefiak PLLC
45 N Hill Dr. Ste. 100
Warrenton, VA 20186
jtorchinsky@hvjlaw.com
*Attorney for National Republican Senatorial Committee*

                                        /s/William Dean Hall, III_____